IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC SEAN JORDAN,

  Petitioner,

v.

WARDEN, LEBANON CORRECTIONAL
INSTITUTION,

  Respondent.

CASE NO. 2:08-CV-0632
JUDGE SARGUS
MAGISTRATE JUDGE KEMP

## ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit for consideration of whether to issue a request for certificate of appealability. See Doc. No. 19. For the reasons that follow, petitioner's request for a certificate of appealability is **GRANTED**, in part, and **DENIED**, in part.

In this habeas corpus petition, petitioner asserts as follows:

> 1. Petitioner was denied due process and a fair trial by qualifying and allowing an expert witness to testify that he substantiated the rape allegations through scientific evidence.
>
> The trial court abused its discretion and violated petitioner's due process right to a fair trial by qualifying and allowing the state's expert witness to use scientifically unreliable techniques to determine a fact at issue and sway the trier of fact's understanding of the evidence.
>
> 2. Petitioner was denied due process right to fair trial where trial court allowed expert testimony as to the veracity of the witness statements.
>
> The trial court violated due process by allowing an expert witness to testify that he used scientific training to prove that

the Petitioner sexually abused the two girls, thereby relieving the jury of the[ir] burden of determining guilt or not guilt.

3. Petitioner was denied his due process right to a fair trial where the prosecutor engaged in misconduct.

The prosecutor's use of expert testimony to bolster the testimony of the witnesses and remarks during closing were improper and prejudicially [a]ffected the substantial rights of the Petitioner.

4. The trial court violated Petitioner's due process rights and Petitioner's right to compel and confront witness to rebut testimony that the victim was a virgin.

The prosecutor opened the door, thereby waiving the protection of R.C. 2907.02(D) and the trial court violated Petitioner's constitutional right to compel and confront witness as to previous sexual experiences, presenting a defense and laying a foundation to the existence of bruising, to uninflame the jury.

5. The Petitioner was denied his Constitutional right to the effective assistance of trial counsel.

Trial counsel was ineffective for failing to provide expert witness to defend and rebut non-traditional DNA testing, and explain the effects of Tretiary transfer.

6. There was insufficient evidence to convict Mr. Jordan of rape because the state failed to prove each and every element of the charged offenses beyond a reasonable doubt.

The state failed to prove that any sexual activity occurred or that force or the threat of force was used during the alleged incidences, the presumption of innocence, the burden of proof beyond a reasonable doubt and the theory of corpus delicti cannot be overcome by unreliable she said testimony and prosecutor misconduct.

7. Ineffective assistance of appellate counsel.

Appellate counsel overlooked significant and obvious issues of constitutional magnitude that Petitioner would be prejudiced by the failure to raise on direct appeal.

8. Petitioner's sentence void, violating 5th, 6th, and 14th Amendment due process right to notice of charges, the opportunity to defend and, the right to proof beyond a reasonable doubt by jury determination thereby lowering prosecutions burden of proof to zero.

The trial court made judicial fact finding of elements not presented in a charging instrument to enhance Petitioner's sentence beyond the statutory maximum based upon facts to which Petitioner had no notice of any opportunity to defend against, deprived of any jury findings of such elements or proof thereof beyond a reasonable doubt the trial court lowered the prosecution's burden of proof to a standard of zero.

9. The trial court violated Petitioner's right to due process and equal protection of law under the Federal and Ohio Constitution by imposing consecutive terms of incarceration without statutory authority.

The Ohio Supreme Court severed and excised all statutory provisions that enabled the imposition of consecutive sentences, thereby removing the trial court's statutory authority to impose consecutive sentences by virtue of the Ohio and Federal Constitution.

10. The trial court violated the Ex Post Facto Clause of the Federal Constitution when it sentenced Petitioner to a term of incarceration that exceeded the maximum penalty available under the statutory framework at the time of the offense.

11. Ineffective assistance of trial counsel by refusing to provide a defendant with an expert witness to impeach the state's expert, allowing this testimony to go unimposed.

Petitioner was denied effective representation when trial counsel refused to provide an expert in child sexual abuse to interview the alleged victims, and impeach the testimony of

3

>the State's expert Mr. Carrothers, allowing the testimony to go unimposed.
>
>12. The prosecutor violated the petitioner's due process rights by violating Ohio's rape shield law in an effort to improperly inflame the jury.
>
>13. By violating the due process guarantees incorporated in the rape shield law, the prosecution waived and the complainant acquiesced in the waiver of the confrontation prohibitions of the rape shield law.
>
>14. A conviction must be vacated where counsel's errors fell below an objective standard of reasonable representation and the defendant was prejudiced thereby.

On January 5, 2010, the Court dismissed petitioner's claims as procedurally defaulted or without merit. On January 14, 2010, petitioner filed a notice of appeal. Doc. No. 18.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional

4

right." 28 U.S.C. §2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel, supra.* To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.*

Upon review of the record, this Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed petitioner's claims as procedurally defaulted or whether his claims should have been resolved differently, except as to claims four and thirteen of this federal habeas corpus petition. In those claims, petitioner asserts, *inter alia*, that he was denied the right to present a defense in violation of the Confrontation Clause by the trial court's ruling limiting the extent of his cross examination of a prosecution witness. These claims were dismissed on the merits. This Court is persuaded that reasonable jurists would find it debatable whether such claims should have been resolved differently. *Slack v. McDaniel, supra.*

Therefore, the request for a certificate of appealability is **GRANTED**, in part, and **DENIED**, in part. The Court certifies the following issue for appeal:

> Was petitioner unconstitutionally prohibited from inquiring on cross examination of a prosecution witness whether the alleged victim had stated she had previously had sex?

5

**IT IS SO ORDERED.**

3-25-2010

EDMUND A. SARGUS, JR.
United States District Judge